**NOT FOR PUBLICATION OR CITATION**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### ASHLAND

CIVIL ACTION NO. 05-CV-237-HRW

JERRY L. WOOTEN                                                                   PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN, *Warden*                                                  RESPONDENT

      Jerry L. Wooten, who is currently incarcerated in the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 1]. He has paid the $5.00 filing fee [Record No.2].

      This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

      This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

NAMED RESPONDENTS

The petitioner has named Terry O'Brien, the warden of FCI-Ashland, as the Respondent.[1]

CLAIMS

The Petitioner challenges his criminal sentence.  He claims that his current criminal sentence was excessive in term and was imposed in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution.

ALLEGATIONS OF THE PETITION

1.  Criminal Plea and §2255 Motion

On November 17, 1998, in the United States District Court for the Eastern District of Michigan at Detroit ("the trial court"), the petitioner pled guilty to two charges under  18 U.S.C. §922(g), felon in possession of a firearm ("the Firearm Conviction").  On March 10, 1999, the trial court imposed a twenty-two month sentence on each charge, to run concurrently.

In 2000, the petitioner was subsequently convicted by a jury in the trial court on various charges arising from the operation of a business which bought and sold stolen air bags across state lines and laundered the proceeds across state lines ("the Money Laundering Conviction").  On May 23, 2000, the trial court imposed a 188-month sentence.  The Judgment from the Money Laundering Conviction states that the 188-month term of imprisonment was to run concurrently with the petitioner's undischarged term of imprisonment imposed in the Firearm Conviction.  On April 12, 2002, the Sixth Circuit affirmed the Money Laundering Conviction.  *See United States v. Wooten*,

---

[1]  The Court takes judicial notice of the fact that Terry O'Brien is no longer the Warden of FCI-Ashland. The new warden of FCI-Ashland is Brian Patton, who assumed that position after the petitioner initiated this proceeding.  Patton is substituted as the named respondent in this proceeding.

39 Fed. Appx. 83 (Not selected for publication in the Federal Reporter).

On July 14, 2003, the petitioner filed a motion in the trial court , under 28 U.S.C. §2255, to vacate his Money Laundering Conviction, which the trial court denied on March 3, 2004.[2]  On May 5, 2004, the trial court denied the petitioner's request for a Certificate of Appealability.  On January 19, 2005, the Sixth Circuit denied the petitioner's request for a Certificate of Appealability.

## 2.  Petitioner's Legal Argument

The petitioner contends that the Bureau of Prisons ("BOP") has incorrectly calculated his sentence.  He contends that because his 188-month sentence from the Money Laundering Conviction was to run concurrently with his 12-month sentence from the Firearm Conviction, his total sentence should be only 176 months instead of 188 months.  He asks this Court to order the BOP to adjust his sentence under the provisions of 18 U.S.C. §3584[3] and United States Sentencing Guideline

---

[2]

The Court obtained access to the trial court docket sheet by electronic means, through the use of the "Public Access to Court Electronic Records ("PACER") System."

[3] 18 U.S.C. §3584 provides as follows:

 (a) Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to be run consecutively.  Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

(b) Factors to be considered in imposing concurrent or consecutive terms.--The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

(c) Treatment of multiple sentence as an aggregate.--Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

("USSG") §5G1.3(c)[4] to reflect that his total term is for only 176 months, not 188.  The petitioner

explains that he seeks a twelve month "adjustment" to his federal sentence, not a "credit."

### 3.   Exhaustion of Administrative Remedies

It appears that in 2004, the petitioner exhausted his claims through the BOP Administrative

Remedy Process, 28 C. F. R. §542.13-15.  He attached a Response dated December 8, 2004, from

Harrell Watts of the National Inmate Appeals (the BOP's Central Office).[5]  Watts denied the

petitioner's request, which he construed as a request for a 12-month credit on his sentence. Watts

stated the BOP had contacted the sentencing court about the petitioner's request.  He explained:

> "A response was received on September 22, 2004 indicating the Judge did not intend
> to reduce your term of imprisonment pursuant to USSG § 5G1.3  We concur with the
> previous findings in that the Bureau of Prisons computed your sentence as required
> by Program Statement 5880.28, Sentence Computation Manual-CCCA and all

---

[4]

USSG §5G1.3 provides as follows:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1) The court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) The sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Summarized, § 5G1.3 provides that If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.  *United States v. Giffin*, 63 Fed.Appx. 798, 802 (6th Cir. (Tenn.) April 3, 2003) (Not selected for publication in the Federal Reporter).

[5]The petitioner did not commence this proceeding until a year later, on December 8, 2005.

applicable statutes."

Petition, Exhibit 4.

DISCUSSION

1. <u>Remedy under 28 U.S.C. §2255</u>

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); (per curiam); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). A petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 is reserved for a challenge to the manner in which a sentence is executed, rather than to the validity of the sentence itself. *United States v. Jalili*, 925 F.2d at 893.

In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit established the threshold which must be met in a §2241 petition challenging a conviction or sentence. *Charles* requires that a petitioner demonstrate that his remedy under §2255 is truly "inadequate" or "ineffective," and neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard. *Charles*, 180 F.3d at 757. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Id.* at 756. *Charles* establishes that the remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id.*

2. <u>Application of Law to Facts</u>

5

Here, the instant petitioner is not challenging the manner in which his sentence is being executed, but is instead challenging the length of his sentence. Thus, the trial court, not this Court, must address his claims under 28 U.S.C. §2255. *Capaldi v. Pontesso*, 135 F.3d 1122 (6th Cir. Feb. 5, 1998); *Moore v. Perrill*, 39 F.3d 1192, 1994 WL 628939 (10th Cir. 1994) (Unpublished opinion). The record from the trial court reflects that the instant petitioner's §2255 motion was unsuccessful, as was his subsequent effort to obtain a Certificate of Appealability from the Sixth Circuit.

The Sixth Circuit has previously addressed situations in which a §2241 petitioner has requested a credit toward his federal sentence under the authority of USSG §§5G1.3(b)(a). In *Garrett v. Snyder*, 41 Fed.Appx. 756, 757 - 758 (6th Cir. (Ky.) June 25, 2002) (not selected for publication in the Federal Reporter), the petitioner alleged that the court which imposed his federal sentence had failed to reduce his federal sentence pursuant to USSG §5G1.3.

Citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.2001) and *Charles*, 180 F.3d at 755-56, the Sixth Circuit held that if a federal prisoner seeks to challenge the execution of his sentence, he must file a §2241 petition in the district court having jurisdiction over his custodian, but that if he seeks to challenge the imposition of his sentence, he must file a 28 U.S.C. §2255 motion to vacate the sentence in the district court in which he was sentenced. *Garrett* at 758.

The Sixth Circuit determined that Garrett's USSG §5G1.3 argument constituted a challenge to the imposition of his sentence, not the execution or manner in which his sentence is being served. Accordingly, the court concluded that §2255, not §2241, was the proper vehicle by which Garrett should have brought his USSG §5G1.3 challenge. The court noted that although Garrett might have been entitled to review of his USSG §5G1.3 claim under §2241, he was required to prove that §2255 was inadequate or ineffective to test the legality of his detention.

6

Citing *Charles*, 180 F.3d at 756, the Court further concluded that Garrett had failed to prove that his remedy under §2255 was inadequate or ineffective. *See also Myles v. United States*, 188 F.3d 508, 1999 WL 644149, **1 (6th Cir.(Ky.) August 16, 1999) (Unpublished Disposition) (where Myles argued in a §2241 petition that his federal sentence was improperly imposed because his state sentence and USSG §§5G1.3(b)(a) were not afforded consideration, Myles should have presented his claim that in a 28 U.S.C. §2255 motion to vacate because he essentially challenged the imposition of his sentence; because Myles did not show that his remedy under §2255 was inadequate or ineffective, consideration under §2241 was precluded).

Like Garrett, Petitioner Wooten has not demonstrated that his remedy under §2255 was inadequate and ineffective to test the legality of his detention. Although Petitioner Wooten has cited 18 U.S.C. §3584(b) as authority for the challenge to his sentence, the Court reaches the same result: the petitioner has failed to demonstrate that his remedy in the trial court under §2255 was inadequate and ineffective to test the legality of his detention.

<u>CONCLUSION</u>

Accordingly, it is **ORDERED** as follows:

(1)     Brian Patton, the Warden of FCI-Ashland, is substituted as the named respondent in this proceeding.

(2)     The §2241 petition for habeas corpus [Record No. 1] is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**, *sua sponte,* from the docket of the Court.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent.

 This March 29, 2006.



Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**